Dore, J.
(dissenting). The sole issue on this appeal is plaintiff’s claimed right as surviving spouse to take such spouse’s intestate share under the Decedent Estate Law. Concededly this plaintiff during the lives of the parties procured against the decedent a Mexican so-called “ mail-order ” divorce decree. Under the express terms of subdivision (b) of section 87 of the Decedent Estate Law, the Legislature has declared the public policy of this State to deny any share of a decedent’s estate to a spouse who procured outside of this State a divorce not recognized as valid here. Caldwell v. Caldwell (298 N. Y. 146) held that a Mexican mail-order decree has no effect on the marital status of the parties as it is invalid on its face. If so, the decree here involved surely is a decree not here recognized as valid. Nothing in the section as written distinguishes between an invalid Mexican mail-order divorce and any other type of invalid divorce decree.
The Surrogate properly held that since the fact of procurement by plaintiff, the surviving spouse, of a divorce not valid here has been established, the necessary consequence is that under the law plaintiff is not a distributee of deceased.
The decree so far as appealed from should be affirmed, with costs to respondents.
Peck, P. J., Cohn and Van Voobhis, JJ., concur with Shientag, J.; Dore, J., dissents in opinion.
Decree, so far as appealed from, reversed, with costs. Settle order on notice.